UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARGARET E. HARRIS, and
LAWRENCE J. HARRIS,

                              Plaintiffs,

          v.                                             3:03-cv-1076

UNITED HEALTH SERVICES, INC., and
PROFESSIONAL HOME CARE, INC.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

**I.    INTRODUCTION**

       Plaintiff commenced the instant action asserting claims for medical malpractice. Presently before the Court are the parties' cross-motions for summary judgment pursuant to FED. R. CIV. P. 56.

**II.    FACTS**

       On April 4, 2003, Defendants' employee, Nancy Kirchner, R.N., instructed Plaintiff Margaret Harris to self-inject a medication known as Lovenox (an anticoagulant). Plaintiff states that she was instructed to insert the syringe into the upper part of her thigh at a ninety degree angle.

       On April 6, 2003, Plaintiff was admitted to the hospital. She was diagnosed with deep vein thrombosis. Plaintiff was treated in the emergency room with a shot of Lovenox, followed by Heparin (also an anticoagulant). Plaintiff then developed hypotension and was

transferred to the intensive care unit, where she was transfused with blood.  Late on April 6, 2003 or early on April 7, 2003, Plaintiff developed a hemorrhage in the upper and lateral area of her left thigh.

Plaintiff contends that the manner in which she was instructed to inject the Lovenox was a departure from the standard of care and caused her to sustain her injuries. Specifically, Plaintiff maintains that Lovenox is to be injected subcutaneously, preferably into the abdomen while the patient is lying down.  It is Plaintiff's position that, by injecting the Lovenox into the thigh at a right angle, the injection was administered intramuscularly. Plaintiff's expert opines that the injection caused a subfacial hematoma (which was facilitated by the fact that Plaintiff was on anticoagulants).

Defendants deny that Kirchner departed from the appropriate standard of care. Defendants insist that Lovenox can be injected subcutaneously into the thigh at a right angle provided the injection is only into the fatty layer below the skin.  Defendants further argue that, even if Kirchner did depart from the appropriate standard of care, there is no causal connection between that departure and Plaintiff's ensuing injuries.  Defendants contend that the likely cause of the hemorrhage was spontaneous bleeding into the upper and lateral thigh muscles caused by excessive anticoagulation with Heparin.  The basis for Defendants' contention is that multiple exams of Plaintiff's leg failed to document any significant swelling until the late hours of April 6 and early hours of April 7, 2003 (nearly 48 hours after the Lovenox injection).  Defendants also note the injection of Lovenox was given in the anterior thigh at a mid-level four to five inches above Plaintiff's knee, while her bleeding was in the left upper and lateral thigh.

Plaintiff responds that an "ultrasound demonstrated a deep femoral clot and she did not have acute swelling of her leg until after she developed a massive deep subfacial hematoma." Plaintiff continues by arguing that she could only have developed a subfascial hematoma by bleeding into her thigh by an earlier injection in an already anticoagulated person.

**III.   STANDARD OF REVIEW**

In addressing the pending motions for summary judgment, the Court will apply the familiar summary judgment standards, which need not be restated here.

**IV.   DISCUSSION**

Based on the facts presented, it is undisputed that Lovenox is to be injected subcutaneously and that an intramuscular injection would be a deviation from the appropriate standard of care. Although the preferred location for a Lovenox injection may be in the abdominal area, there is evidence in the record upon which a fair-minded trier of fact could reasonably conclude that an injection into the thigh at a 90 degree angle could be accomplished subcutaneously. A trier of fact also could reasonably conclude that an injection at that location might go beyond the fatty layer below the skin and into a muscle. It is for the trier of fact to determine whether the injection, or the instruction to have Plaintiff inject, into the thigh at a ninety degree angle was a breach of the duty of care.

Assuming a breach of the duty of care, Defendant argues that there is no proximate cause between the Lovenox injection and Plaintiff's injury. Based on the evidence presented above (the timing of the swelling of the thigh and the location of the bleeding), the trier of fact could reasonably conclude that Plaintiff's injuries were not caused by the Lovenox injection, but by the Heparin administered at the hospital. It cannot be said, however, that this is the

only reasonable conclusion. The trier of fact could believe the testimony of Plaintiff's expert that "[t]he only way for the Plaintiff to develop a subfacial hematoma is to have bleeding in her thigh from an injection in an already anticoagulated woman." Accordingly, the Court finds that there are triable issues of fact on the issue of causation.

**V.     CONCLUSION**

For the foregoing reasons, Plaintiff's motion and Defendant's cross-motion for summary judgment are DENIED.

IT IS SO ORDERED.

Dated: July 26, 2005

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge